No. 12,686.

PH. ZANG COMPANY v. REILLY.

(12 P. [2d] 352)

Decided May 31, 1932. Rehearing denied June 20, 1932.

Messrs. BERMAN & HOLLAND, Mr. E. L. WEITZEL, for plaintiff in error.

Mr. HARRY LEDDY, for defendant in error.

*Department One.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE plaintiff, the Ph. Zang Company, in its amended complaint, alleges that defendant Reilly is indebted to it in the sum of $4,799.21 as a balance due it for goods, wares and merchandise which it sold and delivered to him. In his answer Reilly admits that he owes the plaintiff as a balance $4,247.32, and no more. The issue thus joined was as to the difference between the amount plaintiff claimed, and the amount defendant admitted, to be due, amounting to $551.89. In the trial to a jury it found that defendant owed the plaintiff only $551.89. No objection upon this review by either party is assigned to this finding of the jury.

Included in defendant's answer is a counterclaim in which he says that for services performed over a series of years by him for the plaintiff, the latter is indebted to him in the sum of $4,400, no part of which has been paid. In its replication to the answer the plaintiff denied the allegations of this counterclaim, and on the trial of that issue by the jury, which found in the defendant's favor for the entire amount of his claim of $4,400, the trial

court entered judgment therefor. This writ of error by the plaintiff company is sued out to review only this adverse judgment of $4,400.

The discussion by plaintiff's counsel here has taken a wide range far beyond what the record justifies. The only question for decision here is whether the judgment for defendant on his counterclaim of $4,400 is right. For many years the defendant had been the agent and employee of the Ph. Zang Brewing Company, a corporation, which was engaged in the brewing and selling of beer at Denver, Colorado. For several years the defendant was its agent and representative at Pueblo, Colorado. When the State Legislature of Colorado passed its prohibition legislation the business of the brewing company was injuriously affected. During the years preceding the passage of such legislation the brewing company had prospered. Its general policy had been to give its employees, or at least some of them, including the defendant, an annual vacation of two weeks without any reduction of wages or salary. After this restrictive legislation was enacted the company deemed it necessary to economize, and one way of doing so was by abolishing the vacation of its employees which in the prosperous period of its business they enjoyed. The evidence tends to show that Mr. Kaub, who was secretary of the brewing company and its managing or controlling business director, informed the defendant Reilly of this new policy of the company, and stated to him that if he would forego his annual vacation which he had theretofore enjoyed, he would be paid by the company the sum of $100 for each year he did so, which amount would be paid to him at the conclusion of his services with the company. At the same time there was also an agreement between the defendant and the company, acting by Mr. Kaub, that the defendant would run an ice machine for the company, which work had not hitherto been a part of his duty, and that he should be paid therefor $50 a month for six months of each year, likewise to be paid to him when he ceased to

work for the brewing company. The evidence further tends to show that thereafter the plaintiff, the Ph. Zang Company, was by the officers of the Ph. Zang Brewing Company, organized as a selling or operating agent for the parent brewing company. This alleged agreement in dispute here was made by the defendant with Mr. Kaub, who was then secretary of the brewing company, and who assumed to act in making such agreement with the defendant for and in behalf of the brewing company. After Mr. Kaub's death, the exact date of which the record does not disclose, a Mr. Pfretzchner succeeded Mr. Kaub in authority under both the brewing company and its operating company, the Ph. Zang Company, and he assumed to have the power to act, and was acting as matter of fact, as the manager and executive director of both corporations, and there is no showing in behalf of plaintiff here to the contrary.

The principal ground upon which the plaintiff in error, the Ph. Zang Company, seems to rely for reversal is that, since Mr. Kaub was merely the secretary of the brewing company any arrangement or agreement, such as is asserted here by the defendant Reilly, was beyond the scope of the power which that company had conferred upon him. Mr. Kaub was the secretary both of the brewing company and of the Zang Company after the incorporation of the latter. The evidence tends to show that he also had full charge, control and management of the business transactions, so far as they are involved in this action, of both corporations. After Mr. Kaub's death, as has already been stated, Mr. Pfretzchner succeeded him as the business director and representative of both corporations. The uncontradicted evidence is that after Pfretzchner took charge of their business in a conversation with the defendant, who had told him of the arrangement and agreement that he had with the brewing company under Mr. Kaub's management, Pfretzchner said that the same agreement that Reilly had with the parent or original brewing company would be continued and

recognized thereafter by the Ph. Zang Company, which, as has been stated, was under the control of the brewing company and was its operating company.

██ ██ We are impressed with the showing made by the defendant in support of this alleged agreement and are of opinion that the finding of the jury that such agreement existed and was recognized by the authorized representatives of both companies is justified. The verdict of the jury and judgment of the trial court entered thereon cannot, therefore, be set aside. There is no complaint here of the instructions given by the court to the jury and we must assume upon this review that the law of the case was properly stated therein. There is not even what purports to be a summary in the abstract of the record of the evidence in the case and we might have affirmed this judgment upon the ground that the plaintiff in error has not brought up to this court such a record as is necessary to enable a reviewing court properly to pass upon the merits of the controversy. We have, however, though not required to do so, resorted to the transcript of the record in this case and are satisfied, as the result of such examination, that both Kaub and Pfretzchner, who assumed to have authority to act in behalf of both the brewing company and its auxiliary, as to the matter in controversy here, as matter of law and fact, were given authority to make the agreements relied upon by defendant. Assuming that the plaintiff is right that a mere secretary of a corporation as such is not invested with authority to enter into such contracts, nevertheless, the evidence tends to show that they assumed to have such power, and to the knowledge of the respective boards, exercised it in making the contract with defendant. The judgment is therefore affirmed.

Mr. Chief Justice Adams and Mr. Justice Alter concur.